IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WINFRED HOWARD LAVIRGNE,

      Petitioner,                     No. CIV S-09-0649 DAD P

   vs.

JAMES A. YATES, Warden,         ORDER AND

      Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

Moreover, the Ninth Circuit has held that a district court may dismiss <u>sua sponte</u> a habeas petition on the grounds that it is untimely under the statute of limitations so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042 (9th Cir. 2001). These findings and recommendations are intended to notify petitioner of the court's intention to dismiss the instant petition on the ground that it is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). If petitioner desires to respond and demonstrate to the court that he has filed this action within the applicable statute of limitations or is eligible for statutory or equitable tolling of the limitations period, he may do so by filing objections to these findings and recommendations.

**BACKGROUND**

On March 9, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging a judgment of conviction entered against him in the Sacramento County Superior Court in 2003. According to the petition, on April 24, 2003, petitioner plead guilty to assault with a firearm pursuant to a plea bargain. On May 23, 2003, he was sentenced to thirty-one years in state prison. (Pet. at 2 & Attachs.)

Petitioner did not appeal his conviction. Several years later, however, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court. On May 19, 2008, the court rejected that petition as untimely. Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court. On November 19, 2008, that court summarily denied relief. (Pet. at 3-4 & Attachs.) Petitioner alleges that his habeas petition before this court is not untimely and argues that even if it is, the court should reach the merits of his sole claim that his state court sentence violates <u>Cunningham v. California</u>, 549 U.S. 270 (2007) (<u>Id.</u> at 8-9.)

# ANALYSIS

## I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

## II. Application of §§ 2244(d)(1)(A)

In this case, petitioner was sentenced in the Sacramento County Superior Court on May 23, 2003. For purposes of federal habeas review, his conviction became final sixty days thereafter, on July 23, 2003, and the AEDPA statute of limitations began running the following

day on July 24, 2003, until it expired one year later on July 23, 2004. See Cal. Rules of Court, Rule 8.308; Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). However, the statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Here, petitioner is not entitled to statutory tolling because he did not appeal his conviction and did not file his first state post-conviction challenge until several years after the one-year statute of limitations had expired.[1] See Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Accordingly, the court concludes that the petition filed in this action is time-barred and should be dismissed.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's March 9, 2009 application to proceed informa pauperis (Doc. No. 2) is granted;

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

/////

/////

---

[1] Although the Sacramento County Superior Court's order dismissing petitioner's state habeas petition does not include the precise date on which petitioner filed his petition with that court, the Superior Court concluded in its order that the state petition was untimely because petitioner did not file it until fourteen months after the United States Supreme Court decided Cunningham. The Supreme Court decided Cunningham on January 22, 2007.

4

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed as barred by the statute of limitations; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2009.

                                              /s/ Dale A. Drozd
                                              DALE A. DROZD
                                              UNITED STATES MAGISTRATE JUDGE

DAD:9
lavi0649.156